## AMERICAN BAPTIST HOME MISSION SOC. v. BOWMAN et al.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1921.)

No. 3505.

1. **Quieting title ⊗⇒7(1), 30(3)—Suit to remove cloud held maintainable, and grantors the only necessary parties.**

Where the devisees of land under a will which provided that they should have no right to dispose of the land except by will sold and conveyed the land by warranty deeds, their subsequent claim of the right to dispose of the land by will *held* to constitute a cloud on the title of their grantee which would support a suit by him for its removal and that the grantors were the only necessary parties to such suit.

2. **Quieting title ⊗⇒30(3)—Bill held defective for want of necessary parties.**

A bill to quiet title, involving construction of a will, *held* defective for want of necessary parties.

Appeal from the District Court of the United States for the Middle District of Tennessee; Edward T. Sanford, Judge.

Suit in Equity by the American Baptist Home Mission Society against C. A. Bowman and others. Decree of dismissal, and complainant appeals. Modified.

Jordan Stokes, of Nashville, Tenn. (Stokes & Stokes, of Nashville, Tenn., on the brief), for appellant.

Knight & Beasley and Morton B. Adams, all of Nashville, Tenn., for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The appellant filed, in the court below, a bill said to be for the purpose of removing a cloud from real estate. The court dismissed the bill, without consideration of the merits, and for the reason that it was prematurely brought. The matter of title goes back to the will of Ann Toland, who died owning the fee of the land, and whose will provided:

"I give, devise and bequeath to my adopted children, Rhoda Ann Eliza Larkins and Ada Jane Larkins, all the real estate I now own or which I may hereafter come in possession of. This bequest carries with it no right to dispose of the real estate thus devised, except by will in case they should marry and have issue. If either should die without issue, then the other or her heirs shall fall heir to the interest of the decedent. If both shall die without issue, then I will and devise," etc.

After the testatrix's death, the Larkin sisters, named as adopted children, married brothers named Bowman, and children were born to each. Thereupon one sister filed a bill against the other in a Tennessee chancery court, asking a construction of the will to determine

whether they took only a life estate or the fee, and a decree was made adjudging that they had good title to the fee. Then they made partition deeds, with warranty, and the title so conveyed by each has passed by mesne conveyances, with warranty, to the appellant. The bill alleges that these two sisters, their husbands, and their children and grandchildren are now asserting that the sisters took only a life estate accompanied by a power to devise, and that, on the death of these sisters, the children will take, and that the sisters claim the right to make valid devises of the lands, and have executed wills accordingly. The bill sought an injunction against such claims and a decree that plaintiff's title was good.

Whether the devise to the sisters, without power of conveyance except by will, accompanied by a devise over to others if the sisters died without issue, gave them an absolute fee or conditional fee or life estate, or gave any title or interest to the issue, are questions in which those who took the devise over were adversely interested. Obviously a decree made in a case in which they were not parties would not be an adjudication as against them; and it is open to them to contend that the sisters took only a life estate accompanied by conditional power to devise. It would be open to the sisters to make the same contention, if they were not estopped.

The living children and grandchildren of the sisters constitute the present representatives of the class referred to in the will as issue. Appellant's brief asserts that these persons are claiming title in remainder under the devise of the will. The bill of complaint is not clear to this effect, but is perhaps so intended—at any rate, it can, by amendment, be made so. The devise over on condition that the sisters die without issue carries some implication that, if there are issue, they will take; and, if so, and if the sisters have only a life estate, the issue would necessarily take in remainder under the will. We do not intend to sanction this theory by stating it; but we are not prepared to say that, if it is asserted on behalf of these issue, it is so without color that a bill to quiet title as against such claim would not lie.

[1] Of course, until the sisters die leaving wills devising these lands, there are no devisees in existence, and no bill like this can be maintained as against devisees; but it does not follow that it will not lie against the sisters themselves. Since it would be improbable that they should claim the right to devise by will property of which they had owned the fee and which they had conveyed away, it must follow that their claim of a right to devise is upon the theory that they would be thereby executing a right given to them by will, rather than disposing of their own absolute property. Plaintiff's claim is that these sisters are, by their conduct and by their warranty deeds, estopped from claiming that there is any such unexecuted right or from executing it if there is one. Even if their theory is right, the sisters are under no obligation to make any will, and no expectant devisee has any right to insist that they do so.

The controversy is complete between plaintiff claiming under warranty deeds from these two sisters, and the sisters claiming that

they still have an interest authorizing them to make a further valid conveyance. To determine this controversy requires no other parties. Even if the power were merely one to appoint, under the Toland will (and that would be a stronger case than this for thinking such a bill as this premature), we can see no reason why the donee of the power—if it were one the execution of which involved no trust and was to be voluntary on his part—would not be the sole defendant necessary to a suit to determine whether the power existed. The cases cited in support of the decree below pertain to situations where the indefinite interests in expectancy had been created by the original instrument; not where they were merely subject to creation by the optional act of a living person. We think the existence of a claim of right said to arise under the will to convey a title better than plaintiff's which is derived through the will, creates a cloud which entitles the plaintiff to a hearing and decision upon the rightfulness of such claim. Ward v. Chamberlain, 67 U. S. (2 Black.) 430, 445, 17 L. Ed. 319.

The ruling of the Supreme Court of Tennessee, in an analogous case brought by this plaintiff against the children and grandchildren only, is not applicable. So far as the bill in that case sought to reach clouds dependent on the power of the sisters to make a will, the bill was dismissed—as we understand the opinion of the court—upon the express ground that the children and grandchildren had no interest as devisees and that the sisters were not parties defendant. We infer that the Supreme Court must have regarded this as the substantial object of the bill, and predicated the dismissal wholly upon that ground, since it could not have been intended to say that a bill to remove a cloud must be dismissed on demurrer if the court is of the opinion that when the ambiguous instrument in the chain of title is properly construed, the plaintiff's title is good and the defendant's claims unfounded; nor can we, with any certainty, draw the inference that the Supreme Court thought the plaintiff's construction of the will in question was so certainly right that no ambiguity remained upon which to base enough of a claim to be a cloud.

[2] The decree of dismissal could be justified upon another ground. So far as the bill in the court below was one generally to quiet title —and perhaps this was its substantial aspect—it was defective for lack of having brought in those who would take the devise over, and perhaps, also, the legal heirs of the testatrix. Clearly the first class, and perhaps the second, must be heard before there can be satisfactory adjudication that plaintiff's title is good. Whether a title should be quieted piecemeal is probably discretionary, according to the facts of the case; but here a decree binding only against the two sisters and their issue would be so ineffective to reach the substantial question that we think the case should not proceed without the presence of the other necessary parties. We assume, without deciding, that it will be possible to bring in parties who, under the rule of virtual representation, will sufficiently stand for all future contingencies of interest. Pugh v. Frierson, 221 Fed. 513, 524, 137 C. C. A. 223.

The decree should be modified, so as to permit the plaintiff to amend

by making additional parties, and the record is remanded with instructions to modify the decree accordingly, and thereafter, in case of such amendment, to take further proceedings not inconsistent with this opinion.